IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAURICE ROBINSON,            )
                             )
      Plaintiff,         )
                             )
  v.                         )     1:15CV838
                             )
MICHELLE WALKER, et al.      )
                             )
      Defendant(s).      )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

      Plaintiff, a prisoner of the State of North Carolina, submitted a document labeled as an "Affidavit of Facts" in which he alleges that state court prosecutors are retaliating and discriminating against him through a criminal prosecution. He seeks this Court's direct or indirect involvement in the matter. Out of an abundance of caution, and given the nature of some of Plaintiff's statements, the Court treated the filing as a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.     The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2.     The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

3.     Plaintiff does not appear to state any viable claim for relief. His statement is rambling and confusing, but mainly consists of conclusory allegations without

any factual support. Also, he seeks to have the Court intervene in a state court criminal prosecution. He must make any such request by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Further, such intervention could only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996); Henderson v. Houston, Civil Action No. 3:1-CV-161, 2011 WL 5325527, at *2 (M.D. Ga. Nov. 3, 2011) (unpublished). Petitioner fails to make such a showing here.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 or § 2241 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). If Plaintiff wishes instead to file under § 2241, he should request the proper forms from the Clerk.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 or § 2241 forms, which corrects the defects cited above.

This, the 13th day of October, 2015.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**